[No. 11114.   Department Two.   October 9, 1913.]

## J. E. Darnell, *Appellant*, v. A. U. Mills, *Respondent*.[1]

Municipal Corporations—Officers—Removal — Right to Hearing. Under Tacoma city charter, § 184, providing that all persons subject to civil service examination shall be subject to removal from office or employment by the commissioner in whose department they are employed, and further providing for temporary suspensions by certain chiefs of departments and foremen, with hearings upon the latter before the civil service commission, a commissioner may remove a captain of police without the right to any hearing before the civil service commission.

Same—Rules. A provision that an officer may be removed by a city commissioner under such rules as the commissioner may adopt, does not detract from the power of removal, since the rules promulgated may be abrogated or disregarded at will.

[1]Reported in 135 Pac. 475.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 24, 1913, upon sustaining a demurrer to the petition, dismissing an action to compel the reinstatement of an officer removed from office. Affirmed.

*Knight & Muschek* and *Burdick & McQuesten,* for appellant.

*T. L. Stiles* and *Frank M. Carnahan,* for respondent.

MAIN, J.—The appellant brought this action for the purpose of compelling his reinstatement to the position of captain of detectives in the city of Tacoma, from which position he had previously been removed.

The allegations of the appellant's amended petition, so far as here material, are: That on the 16th day of October, 1909, the city of Tacoma adopted a charter which provided for a commission form of government; that this charter provided for a department of the municipal government known as the commissioner of public safety; that A. U. Mills, the defendant, is the duly elected, qualified and acting commissioner of public safety; that the city charter provided for the establishment of a civil service board, and authorized the necessary rules for the conduct and regulation of its business; that the mayor of the city and the commissioners did regularly appoint a civil service board; that the civil service board provided for competitive examinations, and regularly held examinations for all departments of the city, and provided an eligible list for detectives, including captain of detectives; that on June 19, 1911, the petitioner, J. E. Darnell, qualified as eligible under the civil service examination for the position of captain of detectives, and thereafter was appointed to such position; that on the 10th day of July, 1912, A. U. Mills, as commissioner of public safety, discharged the appellant from the position of captain of detectives, and that the commissioner refuses to reinstate the petitioner in the position from which he was removed.

To this amended petition, the defendant presented an answer. The petitioner thereupon demurred to the answer. The matter came before the court upon the petitioner's demurrer to the defendant's affirmative defense in his answer. The cause was argued to, and considered by, the court as though it were a demurrer by the defendant to the petitioner's amended petition. Treated in this form, the court sustained the demurrer to the amended petition. Thereupon the petitioner elected to stand upon his amended petition, and refused to plead further. Judgment of dismissal was entered. The petitioner appeals.

The sole question involved in this appeal is: Did the commissioner of public safety have the power, under the provisions of the charter of the city of Tacoma, to remove the appellant from the position of captain of detectives? To determine this question, resort must be had to the charter provisions of the city. The commissioner of public safety, by § 69 of the charter, is given supervision and control of the police department. By § 71 he is given power to appoint captains, sergeants and other subofficers, such as the proper organization of the police force may require. By § 72 the power to appoint such number of policemen as from time to time may be provided by the city council by ordinance is given. Section 184 of the charter provides:

"All persons subject to civil service examination shall be subject to removal from office or employment by the commissioner in whose department they are employed, for misconduct or failure to perform their duties under such rules and regulations as he may adopt. The chief of police, chief of the fire department, city engineer, or any superintendent or foreman in charge of municipal work, may temporarily suspend or discharge any subordinate then under his direction for incompetency, neglect of duty or disobedience to orders, but shall, within twenty-four hours thereafter, report in writing such suspension or discharge and the reason therefor, to the commissioner of his department, and furnish a copy of said report to the subordinate suspended or discharged, upon his request therefor. The commissioner shall

thereupon, if demanded by the subordinate suspended or discharged, hear evidence for and against said aggrieved party, and shall therefrom affirm or revoke such suspension or discharge according as he may find the facts to warrant."

It will be observed that, by the plain language of this section, the commissioner of public safety had power to remove the appellant from the position of captain of detectives, and this without a hearing. It is obvious that, over such removals, the civil service commission has no jurisdiction. The portion of the section which provides for removal by the chief of police and others gives the discharged party a right to a hearing before the commissioner when removed by such subordinate. But no such right is given when removal is by a commissioner. It is true that it is provided that the commissioner shall remove employees under such rules and regulations as he may adopt. This neither adds to nor detracts from the power of removal. The power to make rules and regulations carries with it the power to abrogate them. The commissioner may, if he sees fit, promulgate rules and regulations pertaining to removals, and at will disregard the same.

The appellant calls our attention to the case of *State ex rel. Powell v. Fassett*, 69 Wash. 555, 125 Pac. 963. In that case the court was considering the charter of the city of Spokane, which is so obviously different in its provisions from that of the city of Tacoma as to make the case not an authority upon the question here presented.

CROW, C. J., MORRIS, and ELLIS, JJ., concur.