[Civ. No. 9294. Third Dist. Aug. 11, 1958.]

HARRY L. PAYNE, Appellant, v. STATE PERSONNEL BOARD et al., Respondents.

James H. Phillips for Appellant.

Edmund G. Brown, Attorney General, and Willard A. Shank, Deputy Attorney General, for Respondents.

SCHOTTKY, J.—This is an appeal from a judgment of the superior court denying a writ of mandate after review of a decision of the State Personnel Board sustaining the dismissal of Harry L. Payne.

Harry L. Payne was dismissed from his civil service position on December 28, 1949, by James G. Bryant, Director of the Department of Employment. Payne was served with the required notice of punitive action and within the statutory period he filed a written answer with the Personnel Board. Hearings were held and on November 3, 1951, the Personnel Board made its findings of fact and entered its decision sustaining the action of the director. A writ of mandate was sought in the superior court which, after a hearing, upheld the decision of the personnel board.

Appellant does not attack the sufficiency of the evidence to sustain the findings and decision of respondent board, but bases his argument for a reversal upon what he terms error in procedure and denial of due process of law.

Appellant's first contention is: "The entire hearing and the decision of the Personnel Board is null and void and of no effect whatsoever because it was conducted under the provisions of Section 19578 of the Government Code making it a presumption that the statement of causes are true, which is violative of the United States Constitution and the Constitution of the State of California, thereby depriving appellant of property without due process of law."

Appellant points out that at the hearing appellant was required by the hearing officer to proceed with his case before the state presented its case because of a provision in section 19578 of the Government Code which states that at the hearing the parties may submit all proper evidence against or in support of the causes but *"it shall be a presumption that the statement of causes is true."* (Italics ours.) The italicized portion of section 19578 was added by the Legislature in 1949 and deleted in 1955.

Appellant contends that the presumption in section 19578 of the Government Code is an unconstitutional deprivation of property without due process of law. ■ It is a well recognized principle that the constitutional provisions for due process do not apply to the field of public employment. ■ The case of *Butterworth* v. *Boyd,* 12 Cal.2d 140, at page 150 [82 P.2d 434, 126 A.L.R. 838], holds:

"It is next argued that the charter denies due process of law in providing for a compulsory deduction in an uncertain amount from the salaries of municipal employees. A conclusive answer is that no one has a vested right in his public employment except in so far as the right is conferred by statute or other valid regulation; ... ■ It is well settled

that public employees have no vested right in any particular measure of compensation or benefits, and that these may be modified or reduced by the proper statutory authority.''

As stated in the case of *Risley* v. *Board of Civil Service Commrs.*, 60 Cal.App.2d 32, at page 37 [140 P.2d 167]:

''Plaintiffs' first two contentions may be considered together, as they involve the same fallacious concept, which is, that plaintiffs have a vested, contractual, right to have the terms of their employment continue unaffected by .charter amendments. That they have rights, by virtue of the provisions of the charter, which the courts will protect against unauthorized infringement by the city or any of its legislative or executive officers or boards, is undoubtedly true, and is recognized in the large number of cases cited by the plaintiffs. But that these rights are vested, contractual, rights, protected by the state and federal constitutional provisions forbidding the impairment of contracts and the taking of 'property' without due process, so that they cannot be changed, is not true. . . .''

Appellant contends also that because the hearing before the board was conducted under section 19578 as it read in 1949, he has been deprived of a fair hearing and of his property without due process of law. We are unable to agree with this contention.

It has been consistently held that the terms and conditions of government employment are fixed by statute and administrative regulation. (*State* v. *Brotherhood of R. R. Trainmen*, 37 Cal.2d 412, 417 [232 P.2d 857].) In the case of *Boren* v. *State Personnel Board*, 37 Cal.2d 634, at page 639 [234 P.2d 981], the court states: ''Moreover, state employment is accepted subject to statutory provisions regulating such matters as salary, working conditions, and tenure. . . .''

It is also well established that the Legislature may endow an official act or finding with a presumption of regularity or of verity. In the case of *Meeker & Co.* v. *Lehigh Valley R. R. Co.*, 236 U.S. 412 [35 S.Ct. 328, 59 L.Ed. 644], the Supreme Court of the United States was faced with the contention that section 16 of the Act to Regulate Commerce, which provided that a finding and order of the Interstate Commerce Commission should be 'prima facie' evidence of the facts stated therein in a civil suit to recover damages, infringed the right of trial by jury and violated due process of law. The court states at page 430:

"This provision only establishes a rebuttable presumption. It cuts off no defense, interposes no obstacle to a full contestation of all the issues, and takes no question of fact from either court or jury. At most, therefore, it is merely a rule of evidence. It does not abridge the right of trial by jury, or take away any of its incidents. Nor does it in anywise work a denial of due process of law. In principle it is not unlike the statutes in many of the states, whereby tax deeds are made prima facie evidence of the regularity of all the proceedings upon which their validity depends. Such statutes have been generally sustained. . . . An instructive case upon the subject is *Holmes* v. *Hunt,* 122 Massachusetts 505, 23 Am. Rep. 381, where, in an elaborate opinion by Chief Justice Gray, a statute making the report of an auditor prima facie evidence at the trial before a jury was held to be a legitimate exercise of legislative power over rules of evidence and in nowise inconsistent with the constitutional right of trial by jury."

The above cases concern fields in which constitutional rights were directly involved. In the case of section 19578 of the Government Code we are in a field where constitutional questions are not involved. It would appear there is ample authority to support the validity of the presumption that the "statement of causes is true" since it deprives the employee of no defense nor does it impose an obstacle to a full contestation of all the issues.

In discussing the effect of the presumption it is stated in 21 Opinions California Attorney General 132, at page 140:

"As we have said, the appointing power having the burden of proof (except where the issue is an affirmative defense) is the one, in the absence of any statutory provisions to the contrary, having the right or duty to commence the production of the evidence. The presumption set forth in section 19578 does not in our opinion change the usual rule. We have seen that the presumption is as to evidence and at best would merely shift the burden of going forward with the evidence to the employee. However, when it is contended that the presumption shifts the burden of going forward with the proof to the employee, it is implied that the appointing power has produced evidence or has in its favor the equivalent of evidence in the presumption. Here the rules having to do with the order of proof of facts come into play. With reference to court procedure, section 2042 of the Code of Civil Procedure gives the general rule in the following language:

" 'The order of proof must be regulated by the sound discretion of the court. Ordinarily the party beginning the case must exhaust his evidence before the other party begins.'

"Such discretion of the court will not be interfered with on appeal unless it has been abused in a substantial manner to the detriment of the appellant (*Silver* v. *Shemanski*, 89 Cal.App.2d 520, 529 [201 P.2d 418]).

. . . . . . . . . . . .

"If the statement of causes in the punitive action is in some detail, the appointing power may wish to rely upon the presumption and introduce no further evidence at the outset for the hearing or it may be that the appointing power wishes to supplement the statement of causes by evidence in more or less detail. It is our opinion that the appointing power has this election. Assuming a proper and sufficient statement of causes in the notice of punitive action, the appointing power may rely on the presumption and need produce no further evidence at the outset of the hearing, but he is not required to rely upon the presumption."

It must be borne in mind that under the provisions of the Government Code relating to civil service notice of punitive action is served upon the employee in which notice must be stated the charges against him. He may file a written answer within 15 days which answer shall be deemed to be a request for a hearing. At the hearing the parties may submit all proper evidence against or in support of the charges, "but it shall be a presumption that the statement of causes is true." Section 19582 provides that "The board shall consider carefully the evidence submitted in the hearing and render a decision which in its judgment is just and proper."

We are convinced that the enactment of the presumption contained in section 19578, properly construed, was within the power of the Legislature, and that its purpose was to facilitate the hearing of disciplinary matters and simplify the procedure. As applied to the instant case, the record shows that appellant had a full and fair hearing and called a great many witnesses in addition to testifying himself. It is significant that appellant makes no attack whatever upon the sufficiency of the evidence.

There is no merit in the further contention of appellant that sections 19574, 19575 and 19579 of the Government Code are in conflict with section 2 of article XXIV of the Constitution of the State of California because they permit the appointing power to take punitive action against employees

and provide for finality of the action of the appointing power without any action on the part of the Personnel Board. These sections permit punitive action and make the action final unless the employee answers, and, in effect, appeals to the State Personnel Board. By article XXIV, section 2, action by the state personnel board is required to make any action with respect to dismissals effective. Section 5 of article XXIV provides that the Legislature may enact legislation not in conflict with the article to facilitate its operation. Certainly, the statutes facilitate the operation of the article. Why should the Personnel Board be required to pass on each case if the employee does not request a hearing or contest the charges against him? If the employee does request a hearing then it is only the Personnel Board that can act.

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1958. Carter, J., was of the opinion that the petition should be granted.