[No. 35040.   Department Two.   October 22, 1959.]

NICHOLAS YANTSIN, *Individually and as Assignee, Appellant,*
v. THE CITY OF ABERDEEN, *Respondent.*[1]

*John H. Kirkwood,* for appellant.

*Lester T. Parker,* for respondent.

HILL, J.—QUAERE:   Does the suspension of a member of a police department under a provision in a civil service ordinance reading,

"  .   .   .   Nothing in this section shall limit the power

[1] Reported in 345 P. (2d) 178.

of an officer to suspend, without pay, a subordinate for a period not exceeding thirty (30) days."

constitute a violation of his constitutional right not to be deprived of property without due process of law?

For our present purposes, it is assumed that the suspension was without cause, and that the officer suspended had no right of review.

ANSWER: No. Due process of law is not applicable unless one is being deprived of something to which he has a right. *Bailey v. Richardson* (D.C. Cir., 1950), 182 F. (2d) 46, 58.

A police officer has no property right in public employment which is protected by the due process clause provisions in our state and Federal constitutions. As said in *Ludolph v. Board of Police Comr's.* (1938), 30 Cal. App. (2d) 211, 216, 86 P. (2d) 118, 121,

"The right to an office or of employment with the government or any of its agencies is not a vested property right, and removal therefrom will not support the question of due process."

See, also, *Perez v. Board of Police Comr's* (1947), 78 Cal. App. (2d) 638, 650, 178 P. (2d) 537; *Angilly v. United States* (2d Cir. 1952), 199 F. (2d) 642; *State ex rel. Thompson v. Morton* (1954), 140 W. Va. 207, 84 S. E. (2d) 791.

This is not to say that a police officer does not have rights under civil service that will be protected, but they are only the rights given to him by the legislation creating the civil service system under which he is employed. *Payne v. State Personnel Board* (1958), 162 Cal. App. (2d) 679, 328 P. (2d) 849; *Pauley v. Noeppel* (1953), 120 N. Y. S. (2d) 472, 1 Misc. (2d) 928; *Risley v. Board of Civil Service Comr's* (1943), 60 Cal. App. (2d) 32, 140 P. (2d) 167.

Before the adoption of civil service systems or other legislative assurances of tenure, the right of the proper authorities to suspend or remove policemen, firemen, or other public employees was absolute. Civil service and other types of tenure legislation have placed restrictions on the power to suspend or remove employees who come within their purview. It is, however, clear that the rights

and privileges of public employees, including their protection against arbitrary suspension or dismissal, vary from state to state, from city to city, and even from department to department within the same city, in accordance with the provisions of the particular civil service system under which they are employed. Any prerequisites and conditions relative to suspension and removal are determined by the governing statute, charter, or ordinance; and, absent such prerequisites and conditions, the city has the right to suspend or remove employees without giving any reason therefor. *State ex rel. Schussler v. Matthiesen* (1946), 24 Wn. (2d) 590, 597, 166 P. (2d) 839; *Darnell v. Mills* (1913), 75 Wash. 663, 135 Pac. 475; *Price v. Seattle* (1905), 39 Wash. 376, 81 Pac. 847; *Easson v. Seattle* (1903), 32 Wash. 405, 411, 73 Pac. 496.

The complaint here is that the suspension provision of the civil service ordinance does not give the police officers the protection to which they believe they are entitled; but that has no relationship to due process. Provisions giving a superior officer the right to suspend an employee, without pay for not to exceed thirty days, without the filing of charges or a hearing of any kind violate no constitutional rights. Similar provisions have been upheld in this state without discussion of due process. *Schell v. Aberdeen* (1947), 28 Wn. (2d) 335, 183 P. (2d) 466; *State ex rel. Ausburn v. Seattle* (1937), 190 Wash. 222, 237, 67 P. (2d) 913, 111 A. L. R. 418. (For a similar provision in the Washington State Patrol Act see Laws of 1943, chapter 205, § 2, p. 637 [*cf.* RCW 43.43.060] referred to and upheld in *State ex rel. Gebenini v. Wright* (1953), 43 Wn. (2d) 829, 264 P. (2d) 1091.)

Cases are cited in the appellant's brief where the language would seem to indicate that an employee does have a property right in his job. These cases concern the rights of an individual against third persons who have wrongfully interfered with his employment, or his prospective employment. See *Baun v. Lumber & Sawmill Workers Union, Local 2740* (1955), 46 Wn. (2d) 645, 284 P. (2d) 275; *Minch v. Local Union No. 370, International Union of Operating*

*Engineers* (1953), 44 Wn. (2d) 15, 265 P. (2d) 286; *Mahoney v. Sailors' Union* (1953), 43 Wn. (2d) 874, 264 P. (2d) 1095; *Jones v. Leslie* (1910), 61 Wash. 107, 112 Pac. 81. Here we are concerned with the relationship of a municipality and its employees; and, as we have seen, the right of the city to suspend or remove is absolute in the absence of limitations placed thereon by civil service or other tenure guarantees.

### CONSIDERATION OF OTHER CONTENTIONS MADE BY APPELLANT.

The appellant, a police captain in the city of Aberdeen, brought this action against the city for pay lost during a fifteen-day suspension, and he sues also as the assignee of two patrolmen, each of whom lost thirty days pay in consequence of a suspension for that period. A demurrer to the second-amended complaint was sustained; the plaintiff refused to plead further, and a judgment of dismissal was entered. On the appeal therefrom, in addition to the basic issue heretofore considered, the appellant makes other contentions which we will now consider.

It is urged that if the quoted provision of the city ordinance (part of § 8, Aberdeen ordinance 3613, adopted in 1932) is upheld as constitutional, then RCW chapter 41.12 "CIVIL SERVICE FOR CITY POLICE" (Laws of 1937, chapter 13, p. 23) should govern. That act provides in § 9 (RCW 41.12.090) that removals, suspension, demotions, and discharges must be "only upon written accusation," and provides for a hearing thereon if requested.

The act specifically states, in its first section, that it has no application

" . . . to cities and towns which at the present time have provided for civil service in the police department . . ."

We quote that section in full:

"The provisions of this chapter shall have no application to cities and towns which at the present time have provided for civil service in the police department or which shall subsequently provide for civil service in the police department by local charter or other regulations which

said local charter or regulations substantially accomplish the purpose of this chapter, nor to cities having a police force of not more than two persons including the chief of police. [1937 c 13 § 1; RRS § 9558a-1.]." RCW 41.12.010.

Obviously Aberdeen had provided for civil service in its police department at least five years before the statute was enacted. It is, therefore, not necessary to determine, as in the case of cities which subsequently provided "for civil service in the police department by local charter or other regulations" whether "said local charter or regulations substantially accomplish the purpose of this chapter."

■ It is also contended that, assuming the suspension clause of the ordinance to be valid, it should be implied, as a matter of law, that a suspension must be for cause and in good faith; and it is alleged that the suspensions were without cause and for political reasons. The ordinance under consideration is clear and unambiguous, and needs no interpretation. It permits a superior officer to suspend a subordinate without pay for not to exceed thirty days. There is no requirement that charges be filed, or that there be a hearing thereon.

Where a removal is involved, the ordinance enumerates the grounds and provides for the filing of charges and a hearing thereon. We cannot rewrite the ordinance to make the procedure for temporary suspensions coincide with that governing removals. Notice and hearing are not prerequisites to a suspension unless required by the applicable ordinance or statute. *State ex rel. Gebenini v. Wright, supra; Darnell v. Mills, supra.*

The appellant urges that under the Aberdeen ordinance a civil service employee could be suspended month after month continuously, and thus—for all practical purposes—be removed without fulfilling the requirements of the ordinance governing removals. There is no suggestion of such a situation here. We will not consider the hypothetical situation presented by the appellant until such a subversion and misuse of the suspension rule is before us.

The judgment of dismissal appealed from is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.