[No. 44940. En Banc. September 7, 1978.]

FRANK F. GILES, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL, *Respondents.*

*Richter, Wimberley & Ericson, Christopher J. Dietzen,* and *John T. Krall,* for appellant.

*Slade Gorton, Attorney General,* and *Brian J. Coyne* and *Kenneth W. Elfbrandt, Assistants,* for respondents.

BRACHTENBACH, J.—Appellant, a state civil service employee of the Department of Social and Health Services (DSHS), was dismissed from his position as a youth camp counselor. Both the State Personnel Board (Board) and the Thurston County Superior Court upheld the employment termination. The Court of Appeals certified the case to this court. We affirm the Superior Court and thus affirm appellant's dismissal.

Appellant was employed by DSHS as a Youth Camp Counselor I. He worked at the Spruce Canyon Youth Forest Camp counseling incorrigible and delinquent male juveniles. In June 1973 that camp was closed.

·Appellant's lack of seniority left him in a less than desirable position when the Spruce Canyon Camp was closed. Transfer was precluded because the number of youth camp counselor positions in the state had been reduced. Consequently, appellant was set for lay–off and placement on the reduction in force roster. That roster contains permanent civil service employees entitled to fill the positions for which they are eligible as openings occur.

Prior to closing of the Spruce Canyon Facility, DSHS commenced plans to operate a new and experimental program for young adult offenders at Indian Ridge Treatment Center. DSHS planned to use youth camp counselors in the

program because the project as conceived was designed to utilize basic youth camp techniques, requiring counselors with youth camp skills. The notable success of the youth camps persuaded DSHS to try similar methods with young adults. When appellant was offered a position in the new program, he accepted it rather than lay–off and placement on the reduction in force register.

After 2 weeks of training aimed at preparing youth camp counselors to adapt their techniques to the young adult population contemplated for Indian Ridge, appellant commenced work at that location. Over the last 6 months of 1973, the camp was slowly filled with young adult offenders.

After approximately one–half month at Indian Ridge, appellant was promoted to Youth Camp Counselor II and placed on 6 months' probation at that position. At the end of that period, it was determined that his performance did not merit permanent classification as a Youth Camp Counselor II and he was reduced to Youth Camp Counselor I. After a further evaluation at that position, appellant was terminated on the ground of inefficiency.

Appellant made timely appeal to the Personnel Board. The Board heard appellant's appeal after a 9–month delay beyond the statutory time period contained in RCW 41.06-.170. The Board concluded that appellant had not performed adequately at Indian Ridge. However, the Board found that because of the experimental nature of the program at Indian Ridge and because appellant's performance with juveniles had been satisfactory, outright dismissal was too harsh. The Board ordered that appellant be placed on the reduction in force register for reemployment at a youth camp when appellant's seniority status made him eligible for such a position. This was done and appellant was subsequently rehired in that capacity.

Appellant appealed the Board's decision to the Thurston County Superior Court, seeking back pay and reinstatement as a Youth Camp Counselor II. The Superior Court upheld the action of the Board.

Appellant first contends that the Board lost jurisdiction of his appeal by failing to hold the required hearing within the 30–day period applicable at the time he filed his appeal. RCW 41.06.170. Appellant argues that this lack of jurisdiction entitles him to the requested relief without a determination on the merits.

■ We do not agree. We recently held that the word "shall" as used in RCW 41.06.170 is not necessarily mandatory. *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 561 P.2d 195 (1977). In that case, we were faced with the liquor board's assertion that the employee lost her remedy when the personnel board failed to hear the appeal within the time prescribed. To have treated the provision as mandatory would have denied the employee a legislatively mandated right of appeal through no fault of the employee.

The same rationale is not present here. However, in the absence of a showing of prejudice caused by the delay, we do not see why the result should differ. The important point is that the employee be assured the right of appeal. If the employee's appeal is meritorious and he is entitled to full reinstatement, he is guaranteed all rights and benefits that may have accrued during the delay period. RCW 41.06.220(2).

Next, a constitutional challenge. "No person shall be deprived of life, liberty or property, without due process of law." Const. art. 1, § 3. Appellant claims that his termination from civil service employment deprived him of a "property" or "liberty" interest in such employment. If so, there can be no doubt that he is entitled to the due process of law guaranteed by the Washington Constitution. We should note that appellant has specifically dropped due process challenges based upon the United States Constitution.

■ Property interests are created and their dimensions are defined by rules which stem, not from the constitution, but from state law. *Bishop v. Wood*, 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074 (1976). We have held on several

occasions that there is no constitutional "property" interest in public employment. *Olson v. University of Washington,* 89 Wn.2d 558, 573 P.2d 1308 (1978); *Reynolds v. Kirkland Police Comm'n,* 62 Wn.2d 720, 384 P.2d 819 (1963); *Yantsin v. Aberdeen,* 54 Wn.2d 787, 345 P.2d 178 (1959). We see no reason why the result should differ in this case. Appellant's rights stem from the civil service law; he has received those protected rights.

Further, under the facts of this case, appellant does not have a constitutionally protected "liberty" interest. In *Board of Regents v. Roth,* 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972), the Supreme Court held that liberty, defined in part as the right of an individual to contract and to engage in an occupation, could be infringed if the government dismisses an employee based on a charge that calls into question his good name, honor or integrity. In the absence of such a charge, the "liberty" interest can be infringed if the government imposes a stigma or other disability that forecloses the employee's freedom to take advantage of other employment opportunities.

Nearly any reason assigned for dismissal is likely to have some negative reflection on an individual. However, not every dismissal assumes a constitutional magnitude. Appellant's discharge was for "inefficiency", a charge which hardly implicates his integrity or honor. Further, the State did not foreclose appellant's opportunity to seek employment elsewhere; no license was revoked and he was not prohibited from working in his chosen field. In fact, the State later hired him to perform work similar to what he had originally done. In summary, appellant's "liberty" interest was not infringed.

Having determined that appellant was deprived of neither a constitutional "property" or "liberty" interest, it follows that he was not entitled to a pretermination hearing. We should note that a finding of a constitutional "property" or "liberty" interest does not per se guarantee a *pre*deprivation or *pre*termination hearing. The determination as to the timing and context of the hearing is made by

balancing the various interests involved. *Olympic Forest Prods, Inc. v. Chaussee Corp.*, 82 Wn.2d 418, 511 P.2d 1002 (1973).

Although the constitution offers no protection to appellant in this case, he is entitled to all the statutory safeguards which have been enacted to protect the employment rights of state civil service employees. Appellant has availed himself of the statutory appellate process enacted to guarantee all state employees a fair and impartial hearing to determine the legitimacy of their dismissal.

Review of decisions of the Board is governed by RCW 41.06.200. Review is limited to five bases. Appellant asserts two of them: (1) that his dismissal was materially affected by unlawful procedure for failure of DSHS to follow proper procedures in the classification of employees for the Indian Ridge experimental program and (2) that his dismissal was arbitrary and capricious because the reasons for his dismissal were insignificant inasmuch as his supervisors were not objective in their evaluations.

Appellant's first claim is based on RCW 41.06.150, WAC 356–10–010 and 356–10–030. Essentially, these provisions require the Board to classify an individual according to the position he is occupying. Appellant is claiming that he was improperly classified as a youth camp counselor when employed at Indian Ridge experimental camp when he was in fact an adult felon counselor. Appellant asserts that this misclassification caused his dismissal to be materially affected by unlawful procedure.

We find appellant's position untenable. His contention that he was a de facto adult felon counselor when improperly classified as a youth camp counselor is not persuasive. It is based upon the premise that he was doing the same job as traditional adult felon counselors. This was clearly not the case. Both appellant's responsibilities and the methods he was to employ differed markedly from the traditional adult felon counselor. They were more akin to a youth camp counselor position.

We refuse to read the statutes and regulations in such a restrictive manner. The Personnel Board—the body which adopted and promulgated the regulations—did not construe them so restrictively. The Personnel Board found that its regulations on classification had not been violated in this case. There is ample evidence in the record to support the conclusion that appellant was properly classified.

Finally, appellant claims that his dismissal was arbitrary and capricious. The finding of inefficiency was based upon supervisors' reports classifying appellant's work as unsatisfactory. The Personnel Board found these reports to be accurate. The Board's findings are to be accorded great weight. *Kallas v. Department of Motor Vehicles,* 88 Wn.2d 354, 560 P.2d 709 (1977). They are supported by substantial documentary and testimonial evidence and we decline to reverse them.

Judgment affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.