# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| DAYANARA CASTILLO, | No. 49063-3-II |
| Petitioner/Appellant, | |
| v. | |
| STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Dayanara Castillo appeals the Department of Social and Health Services' (Department) founded finding of neglect. The Department received Castillo's request for agency review past the 30-day statutory deadline and denied her request for a review, asserting that it did not have legal authority to act on the request. Castillo then filed a petition for review to the Board of Appeals (BOA), but that petition was also filed late. Castillo argues that (1) her request for agency review was timely, (2) even if untimely, the Department had the legal authority to review her request, (3) the administrative law judge (ALJ) erred in dismissing her request for review and failed to consider her request for a good cause exception, (4) the BOA's findings of fact, that her petition for review to the BOA was untimely and good cause did not exist, are not supported by substantial evidence and do not support the BOA's conclusion of law, and (5) her procedural due process rights were violated.

We hold that the BOA's findings, that Castillo's petition to the BOA was untimely and no good cause exception existed, are supported by substantial evidence, and they support the BOA's

conclusion of law to dismiss her petition. We also hold that the record is insufficient to determine whether Castillo has a future inability to procure employment in a chosen field and her procedural due process claim fails. Thus, we affirm.

FACTS

I. CHILD NEGLECT FINDING NOTIFICATION AND ADMINISTRATIVE APPEAL

The Department issued a letter notice, informing Castillo of a "founded finding"[1] of child neglect involving Castillo's children. The letter was sent to Castillo's residence via certified mail, return receipt requested. Castillo's husband received and signed for the letter on September 9, 2013. The next morning, September 10, Castillo's husband handed the unopened envelope to Castillo. Castillo read the Department's notice[2] that same day. The notice stated that Castillo had the right to send the Department a written response about the founded finding and that the response would be put in the Department's file on Castillo. The notice also explained how the Department used founded findings, including for subsequent law enforcement investigations or proceedings and to determine licensing or employment qualifications to work with children and vulnerable adults.

On October 9, Castillo mailed a request for agency review to the Department. The Department received Castillo's request for review on October 10. On October 17, the Department

---

[1] "Finding" means "the final decision made by a [Child Protective Services] social worker after an investigation regarding alleged child abuse or neglect." WAC 388-15-005. "Founded" means the CPS social worker has determined following an investigation that it is more likely than not that child abuse or neglect occurred based on the available information. WAC 388-15-005.

[2] The notice informed Castillo that she could request agency review of the finding and included instructions for filing a written request.

delivered a notice to Castillo informing her that the founded finding would not be changed because

Castillo's request for review was not timely. The notice stated, in relevant part:

> Your inquiry requesting a review of these findings was received on 10/10/13 which is past the allowed time frame of **30 calendar days**.
>
> Unfortunately, your request for a review does not meet the required time frame. Therefore, I do not have the legal authority to fulfill your request to review the finding.

Administrative Record (AR) at 73. The notice was delivered to Castillo's residence via certified

mail, return receipt requested.

On February 4, 2014, Castillo requested an administrative hearing before an ALJ to contest

the founded finding. The Department filed a motion to dismiss, and after considering the motion

on December 31, the ALJ mailed an initial order of dismissal, ruling that Castillo did not have a

right to a hearing because her request to the Department was untimely. The ALJ's order of

dismissal stated:

> [Castillo] asserts through a signed declaration that she believed that she "received" the notice on September 10, 2013, when [her husband] handed her the envelope, and that October 10, 2013, was the 30-day deadline for requesting review of the finding. This belief, even if credible, was not reasonable under the circumstances. As such, [Castillo] has not shown that the Department's notice was insufficient under RCW 26.44.100(2)(d) insofar as it failed to clarify when the 30-day deadline began. Additionally, there is no good cause exception for a late appeal under Chapter 26.44 RCW or Chapter 388-02 WAC. (*Compare* WAC 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(1)).
>
> . . . .
>
> Because the request for review was not received by [October 9], [Castillo] does not have a right to a hearing under RCW 26.44.125(3) and WAC 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(1). Therefore, the Department's motion to dismiss is granted and the appeal is dismissed under WAC 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(6).

AR at 35. The initial order also provided the following notice:

> **NOTICE TO PARTIES:** THIS ORDER BECOMES FINAL ON THE DATE OF MAILING UNLESS WITHIN 21 DAYS OF MAILING OF THIS ORDER A PETITION FOR REVIEW IS RECEIVED BY THE [DEPARTMENT] BOARD OF APPEALS, [MAILING ADDRESS]. A PETITION FORM AND INSTRUCTIONS ARE ENCLOSED.

AR at 36. The deadline to appeal was repeated in bold font at the bottom of the petition form, just above the mailing address. And the notification included the BOA's address for personal service, telephone and fax numbers. The mailing date of December 31, 2014, was stamped at the top of the first page of the initial order and at the top of the petition form.

## II. PETITION FOR REVIEW OF INITIAL ALJ ORDER TO THE BOA

Castillo, through counsel and using the petition form provided with the initial order, filed a petition for review of the ALJ's initial order to the BOA. The BOA received the petition on January 22, 2015. In her petition, Castillo stated, "I ask for review of the initial decision because . . . it contains errors of fact [and] law and should be reversed." Castillo made no other arguments.

The BOA asked Castillo to provide good cause why her petition to the BOA was filed late. Castillo timely filed her explanation by fax. Castillo's counsel explained that, in his experience, it takes one to two business days for mail to travel between Seattle and Olympia. Castillo's counsel further explained that he mailed the petition on Friday morning, January 16, from a downtown Seattle post office, which would have allowed six days for it to arrive by the deadline on January 21. The postmark on the envelope used to mail the petition was Saturday, January 17. Monday, January 19, was a federal holiday, with no mail delivery. Castillo's counsel stated that he was aware that he could have delivered the petition by fax, as he had done in the past, but did not believe that time was an issue in this instance so he mailed the petition using standard delivery mail.

The BOA ruled that Castillo's petition was untimely, she did not meet the good cause exception for missing the appeal deadline to the BOA under WAC 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(3)(b); it was unreasonable to rely on timely delivery by mail given the mailing date and the intervening federal holiday; and the one page petition should have been faxed to the BOA as counsel had done with prior filings. The BOA order stated, "The late filing was not the result of excusable neglect and a bona fide mistake." Clerk's Papers (CP) at 18. The BOA then dismissed her petition.

Castillo timely filed her petition for judicial review of the agency action to the superior court. The superior court affirmed the BOA's order of dismissal. Castillo appeals.

ANALYSIS

I. STANDARD OF REVIEW

The Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of agency actions. *Ryan v. Dep't of Soc. & Health Servs.*, 171 Wn. App. 454, 465, 287 P.3d 629 (2012). Under the APA, the party challenging agency action has the burden of demonstrating the action is invalid and must show substantial prejudice. RCW 34.05.570(1)(a), (d).

"When reviewing an agency decision, we apply the standards of chapter 34.05 RCW directly to the agency's record without regard to the superior court decision." *Goldsmith v. Dep't of Soc. & Health Servs.*, 169 Wn. App. 573, 584, 280 P.3d 1173 (2012). "Although we review legal issues de novo, we give substantial weight to the agency's interpretation of the law it administers, particularly where the issue falls within the agency's expertise." *Goldsmith*, 169 Wn. App. at 584. And "[t]o the extent [an agency] interprets the regulations as defining the right to administrative review, its view is not entitled to deference." *Conway v. Dep't of Soc. & Health Servs.*, 131 Wn. App. 406, 416, 120 P.3d 130 (2005).

We review questions of statutory construction de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). The primary goal of statutory interpretation is to determine and give effect to the legislature's intent. *Jametsky*, 179 Wn.2d at 762. To determine legislative intent, we first look to the plain language of the statute. *Jametsky*, 179 Wn.2d at 762. If the plain meaning of a statute is unambiguous, we must apply that plain meaning as an expression of legislative intent. *Jametsky*, 179 W2d at 762. We do not rewrite unambiguous statutory language under the guise of interpretation. *Cerrillo v. Esparza*, 158 Wn.2d 194, 201, 142 P.3d 155 (2006).

## II. PETITION FOR REVIEW TO THE BOA

Castillo argues that substantial evidence does not support the BOA's findings that her petition for review to the BOA was untimely and that good cause does not exist. We disagree.

An untimely petition may be heard by the BOA if the petitioner can show good cause. WAC 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(3)(b). "Good cause is a substantial reason for legal justification for failing to appear, to act, or respond to an action." WAC 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(1). A good cause finding is a factual finding that we review for substantial evidence. RCW 34.05-.570(3)(e). Substantial evidence means evidence that "is sufficient to persuade a rational, fair-minded person that the finding is true." *Cantu v. Dep't of Labor & Indus.*, 168 Wn. App. 14, 21, 277 P.3d 685 (2012). We review any legal conclusions that flow from the findings de novo. *Cantu*, 168 Wn. App. at 21.

Here, Castillo filed a petition to the BOA on January 22, one day late. The BOA asked Castillo to explain why she was late in order to establish good cause. She claimed excusable neglect and mistake. But Castillo's counsel conceded that he could have faxed the one page petition using the same filing method that he had relied on throughout the case, but decided instead to mail the petition on a holiday weekend using standard mail delivery. The BOA's founding that

Castillo did not meet the good cause exception under WAC 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(3)(b) because it was unreasonable to rely on timely delivery of standard mail after a holiday weekend, is supported by substantial evidence. The BOA's findings of fact support the BOA's conclusion of law that Castillo failed to provide a reasonable explanation for why her petition to the BOA was untimely. Thus, the BOA did not err in dismissing Castillo's petition for review.[3]

---

[3] Although the issue of whether Castillo's appeal to the BOA was timely is dispositive, we acknowledge her other arguments. Castillo also argues that (1) the Department erred in denying her request for review because it was timely filed within 30 days of the date she actually received the Department's notice on September 10, (2) even if her request was untimely, the Department has the legal authority to review a founded finding "at any time" under RCW 26.44.010 to correct any errors in its records, and (3) the Department incorrectly concluded it lacked the legal authority to review her request. We disagree.

RCW 26.44.125 governs an alleged perpetrator's right to challenge a founded finding of child neglect. RCW 26.44.125(2) states, "Within thirty calendar days after the *department has notified* the alleged perpetrator [of a founded finding] under RCW 26.44.100 . . . he or she may request that the department review the finding." (Emphasis added). If the alleged perpetrator fails to timely submit his or her request for review:

> the alleged perpetrator may not further challenge the finding and shall have no right to agency review or to an adjudicative hearing or judicial review of the finding, unless he or she can show that the department did not comply with the notice requirements of RCW 26.44.100.

RCW 26.44.125(3).

Here, the Department notified Castillo of the Department's founded finding on September 9, 2013, the date that the certified mail was delivered to her house and signed by her husband. Thus, Castillo's request for review filed on October 10 was untimely under the plain language of RCW 26.44.125(2). Because Castillo's petition was untimely, the Department correctly determined that it lacked the legal authority to review her untimely petition under RCW 26.44.125(3), and Castillo did not have the right to further review. Although RCW 26.44.010 requires the Department to maintain and disseminate reports of child abuse and neglect, RCW 26.44.010 does not provide the Department the legal authority to review founded findings "at any time" as Castillo claims.

III. PROCEDURAL DUE PROCESS

Castillo argues that she has a protected liberty interest in her future inability to procure employment in a particular field. She argues that without an opportunity for review, her procedural due process rights were violated. We disagree.

We review constitutional challenges de novo. *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 215, 143 P.3d 571 (2006). The Fourteenth Amendment to the United States Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Procedural due process protection is conferred under the Fourteenth Amendment. *Amunrud*, 158 Wn.2d at 216.

When the State seeks to deprive a person of a protected interest, procedural due process requires that the person receive notice of the deprivation and an opportunity to be heard to guard against an erroneous deprivation of that interest. *Amunrud*, 158 Wn.2d at 216 (citing *Mathews v. Eldridge,* 424 U.S. 319, 348, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). Only when a protected interest is implicated do we proceed to evaluate the procedural process claim. *Ritter v. Bd. of Comm'rs of Adams County Pub. Hosp. Dist. No. 1*, 96 Wn.2d 503, 508, 637 P.2d 940 (1981). We consider the following factors to determine what procedural due protections are required: (1) the private interest affected, (2) the risk that the relevant procedures will erroneously deprive a party of that interest, and (3) any countervailing governmental interests involved. *Matthews*, 424 U.S. at 335. Procedural due process applies to the opportunity to request a formal hearing. *Amunrud*, 158 Wn.2d at 218.

Here, Castillo fails to show that she has a protected liberty interest that the Department interfered with by denying her request for agency review of the founded finding. She argues that

the Department's "finding deprives her of a liberty interest" and that she "has a significant interest in not being branded as a negligent parent in agency records, and in not having her role as a parent and her future employment possibilities severely limited by the finding." Br. of Appellant at 30; Reply Br. at 11. Castillo claims that without the opportunity for a hearing on the founded finding, she "is subject to a stigma and employment bar for the rest of her life" because the finding will show up on a criminal background check for employment or volunteer opportunities involving children or vulnerable adults. Br. of Appellant at 33.

Castillo argues "that a protected liberty interest can be demonstrated by the extinguishment of future possibilities," citing *Giles v. Dep't of Soc. & Health Servs.*, 90 Wn.2d 457, 583 P.2d 1213 (1978). Reply Br. at 13. In that case, Giles was terminated from civil service employment and argued that his dismissal deprived him of a liberty interest. *Giles*, 90 Wn.2d at 461. The *Giles* court held that in the absence of a dismissal which affects an employee's reputation, "the 'liberty' interest can be infringed if the government imposes a stigma or other disability that forecloses the employee's freedom to take advantage of other employment opportunities." *Giles*, 90 Wn.2d at 461. Subsequently, in *Ritter*, the court held

> that a constitutionally protected "liberty" interest based on foreclosure of employment opportunities was not implicated where a discharged state employee's license was not revoked and "he was not prohibited from working in his *chosen field*."

*Ritter*, 96 Wn.2d at 510 (emphasis added) (quoting *Giles*, 90 Wn.2d at 461).

Here, there is no evidence in the record that establishes that Castillo works in an occupation where a founded finding of child neglect affects her employment opportunities, or that working as a caregiver is her chosen field. Therefore, we hold that Castillo fails to show that the Department's founded finding deprives her of a protected liberty interest. Thus, her procedural due process claim fails.[4]

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, A.C.J.

LEE, J.

---

[4] Castillo asserts that she is entitled to attorney fees and costs as a qualified party who prevails in a judicial review of an agency action under RAP 18.1(a) and RCW 4.84.350(1). Because Castillo does not prevail, we deny her request for an award of attorney fees and costs.