[No. 37270. En Banc. July 16, 1964.]

Tʜᴇ Sᴛᴀᴛᴇ ᴏғ Wᴀsʜɪɴɢᴛᴏɴ, *on the Relation of Mary E. Albright, Respondent,* v. Tʜᴇ Cɪᴛʏ ᴏғ Sᴘᴏᴋᴀɴᴇ *et al., Appellants.**

*John P. Tracy, Jr., Howard A. Anderson, LeRoy C. Kinnie, Dudley L. Wilson,* and *Don R. Shaw, Jr.,* for appellants.

*Benjamin H. Kizer (Kizer, Gaiser, Stoeve, Layman & Powell,* of counsel) for respondent.

*Reported in 394 P. (2d) 231.

ROSELLINI, J.—The relator brought this action to obtain an order directing one of the appellants, the Board of Trustees of the Police Relief and Pension Fund of the City of Spokane, to issue pension checks to her in accordance with the provisions of Laws of 1961, chapter 140, p. 1688. The action was resisted on the ground that the law in question violates the provisions of amendment 35 to the state constitution. The trial court found this contention to be without merit and ordered the Board of Trustees to honor the relator's application.

The facts are not in dispute. The relator's husband, Harry C. Albright, retired for years of service as an officer of the police division of Spokane, August 12, 1949. The law at that time did not provide for a pension to a surviving spouse upon the death of the retired officer.

In 1959, the legislature for the first time provided for monthly payments to a surviving spouse of "any member of the police department . . . or . . . any such member who is hereafter retired . . . ." Laws of 1959, chapter 78, § 2, p. 490. This law did not provide a pension to a surviving spouse of a member of a police department who died or retired prior to the effective date of the act.

Chapter 140, Laws of 1961, amended the 1959 Act by providing that whenever a member of the police department of any such city

" . . . shall die, or shall have heretofore died, or whenever any such member who has been heretofore retired or who is hereafter retired for length of service . . . shall have died, or shall die, . . ."

a pension shall be paid to his surviving spouse. Officer Albright died June 20, 1962, more than a year after the effective date of the statute.

The constitutionality of Laws of 1961, chapter 140, § 1, was questioned in the case of *State ex rel. Bolen v. Seattle,* 61 Wn. (2d) 196, 377 P. (2d) 454. The members of the police department whose widows sought pensions in that action had died prior to the effective date of the statute. In holding that the statute as applied to the facts before

the court was in conflict with amendment 35 to the state constitution, we said:

"While the constitution as amended authorizes legislation increasing existing pensions, it does not authorize the legislature to grant a widow a pension when there was no right thereto at the time of the death of the husband. The respondents [surviving spouses] were widows when the statute was enacted, at which time they had no pension rights. A subsequent act granting a pension to such a class is not an increase of an existing one."

In this case, the husband was receiving a pension at the time the statute was enacted, and the question before us is simply whether the granting of a pension to his widow would constitute an increase in that pension or would amount to the creation of a new pension where none had theretofore existed.

Amendment 35 to the state constitution, adopted November 1958, provides as follows:

"The legislature shall never grant any extra compensation to any public officer, agent, employee, servant, or contractor, after the services shall have been rendered, or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office. Nothing in this section shall be deemed to prevent increases in pensions after such pensions shall have been granted."

Prior to the adoption of this amendment, we had held that the legislature could not enact a law increasing pensions of retired police officers. *Sonnabend v. Spokane,* 53 Wn. (2d) 362, 333 P. (2d) 918. After its adoption, we approved an act increasing the amount payable per month to persons receiving pensions. *Luders v. Spokane,* 57 Wn. (2d) 162, 356 P. (2d) 331.

The position of the appellants is that the amending sentence means that the legislature now has the authority to increase the amount of an existing pension, but does not have authority to increase the benefits so as to make them payable to members of the pensioner's family who were not entitled to receive such benefits when the act became effective.

The relator, on the other hand, contends that a widow's pension is not a separate pension, but is part of the officer's pension, which may be made up of one or more benefits.

We have defined a pension to a public employee as deferred compensation and a substitute for earning power. *Letterman v. Tacoma,* 53 Wn. (2d) 294, 333 P. (2d) 650; *Bakenhus v. Seattle,* 48 Wn. (2d) 695, 296 P. (2d) 536. If a pension is deferred compensation, the widow's pension cannot be a "new and different" pension, separate from that of her husband, because her pension is deferred compensation for his services.

It is axiomatic that words in the constitution must be given their common and ordinary meaning. This is so because the constitution is the expression of the people's will, adopted by them.

In Webster's New Twentieth Century Dictionary (2d ed.), we find this definition of "pension":

"A payment, not wages, made regularly to a person (or to his family) who has fulfilled certain conditions of service, reached a certain age, etc.; as, a soldier's *pension,* old-age *pension.*"

We think it is clear that the legislature, in making pension benefits payable to a widow of a police officer, did not create a new pension but simply increased the pension of the officer by making its benefits payable to his widow after his death. This is within the area of legislative action permitted by the 35th amendment.

The only authority cited by the appellants in support of their contention is *Burton v. City of Albany,* 40 Misc. (2d) 50, 242 N. Y. S. (2d) 510. The court in that case held that a constitutional amendment authorizing an "increase in the amount of pension of any member of a retirement system of the state" did not authorize an increase in widow's benefits. This holding was only incidental to its main holding, which was that a subsequent amendment specifically authorizing such increases was not intended to be retroactive. The language of the constitutional provision construed in that case was much more restrictive than ours, in that it only authorized increases in "amounts" payable

to members of a retirement system. Had the language been as general as that contained in our constitution, it can be doubted that the court would have construed the provision so narrowly. At any rate, we do not consider the holding of that case persuasive here.

The burden is upon one challenging the constitutionality of a statute to demonstrate the validity of his contention beyond a reasonable doubt. *Clark v. Dwyer*, 56 Wn. (2d) 425, 353 P. (2d) 941, and cases cited therein. That burden has not been met by the appellants in this case.

The judgment is affirmed.

ALL CONCUR.