[No. 48158–0. En Banc. June 3, 1982.]

LINDA MUIJE, *Respondent*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL, *Petitioners.*

*Kenneth O. Eikenberry, Attorney General,* and *Clifford D. Foster, Assistant,* for petitioners.

*Matt L. Alexander,* for respondent.

STAFFORD, J.—The sole issue is whether a state employee appealing a decision of the State Personnel Board must file the petition in Thurston County pursuant to RCW 41.06-.200(1) of the State Civil Service Law (CSL) or whether an employee has the option of filing it in the superior court of his or her county of residence pursuant to RCW 34.04.130 of the Administrative Procedure Act (APA).

The facts disclose that respondent, Linda Muije, was a civil service employee of the Department of Social and Health Services (DSHS). In September of 1980, DSHS instituted a reduction–in–force action that caused her to be reassigned to a lower paying position in the classified service. Respondent appealed the agency's action to the State Personnel Board (Board). After a hearing before an examiner the Board affirmed the action.

Following the Board's decision respondent filed an appeal in the King County Superior Court, pursuant to RCW 34.04.130 of the APA. DSHS and the Board moved for a change of venue alleging that under RCW 41.06.200(1) of the CSL, an appeal may be brought only in Thurston County. The trial court denied the motion ruling that the broad venue provisions of RCW 34.04.130(2) prevail over those of RCW 41.06.200(1). Consequently, respondent was permitted to file an appeal in the county of her residence. We reverse the trial court and hold that the venue provisions of the CSL are controlling.

Respondent contends that under the APA, venue is not limited to Thurston County and that she has a right to file the appeal in the county of her residence. The APA provides that any person aggrieved by a final decision by any state agency in a contested case is entitled to judicial review in either Thurston County Superior Court or the county of the petitioner's residence. RCW 34.04.130(1), (2). Further, the APA specifically states that no other procedure is permitted "even though another . . . is provided elsewhere by a special statute or a statute of general application." RCW 34.04.130(1). Although several agencies are expressly excluded from coverage of the APA, the Board is

not among those listed. RCW 34.04.150.

At the time this action was filed, the CSL provided that an "employee may appeal [a decision of the Board] to the superior court of Thurston county". RCW 41.06.200(1).[1] As used therein, the term "may" is not merely permissive. Rather, it provides for the sole and exclusive place of venue. As such it is jurisdictional rather than procedural in nature. *See Sim v. State Parks & Rec. Comm'n*, 90 Wn.2d 378, 381, 583 P.2d 1193 (1978).

■■ The CSL speaks directly to the appeal of decisions of the Board. On the other hand, the APA only deals generally with review of "any" agency decision. We adhere to the principle that provisions of a specific statute, such as the CSL, will prevail if there is a conflict with provisions of a general statute, such as the APA, and the specific statute is passed subsequent to the APA. *Olson v. University of Wash.*, 89 Wn.2d 558, 562, 573 P.2d 1308 (1978); *Knowles v. Holly*, 82 Wn.2d 694, 702, 513 P.2d 18 (1973). Thus, despite the express language of the APA we find that the venue provision of the CSL controls.

In *Olson* we were presented with a challenge analogous to the one at hand. Plaintiff appealed a decision of the Higher Education Personnel Board (HEPB) and we were asked to determine whether the appeal procedures would be governed by the HEPB act or by the APA. The HEPB, as is the case with the Personnel Board, was not expressly excluded from coverage of the APA. Nevertheless, we held that appeals from HEPB decisions were not subject to the APA because the HEPB act was designed specifically to meet the needs of employer–employee relations in institutions of higher learning. The relevant statute was found to provide a detailed procedure for review of HEPB decisions. *See Olson*, at 561–62. Similarly, the CSL was designed to

---

[1]RCW 41.06.200 has been repealed by recent legislation restructuring civil service appeals by creating a Personnel Appeals Board which replaces the State Personnel Board. Laws of 1981, ch. 311, as codified in RCW 41.64. It is specified therein that an employee may appeal a decision of the Personnel Appeals Board to the Superior Court for Thurston County. RCW 41.64.130.

ensure a system of personnel administration and contains a specific procedure for reviewing decisions of the Board. RCW 41.06.010, .200, .210. Further, this decision is consistent with the law's stated purpose.

Finally, our decision is compatible with the intent of the Legislature to provide for the most convenient forum. The files, records and the agency affected by the challenge are centralized in Thurston County. *See Sim,* at 383.

We reverse the trial court and remand the cause for entry of an order granting the motion for change of venue in accordance with this opinion.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.