[No. 48950-5. En Banc. June 16, 1983.]

THE PUBLIC EMPLOYMENT RELATIONS COMMISSION, *Respondent,* v. THE CITY OF KENNEWICK, *Appellant.*

*William L. Cameron, City Attorney,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Richard A. Heath, Assistant,* for respondent.

STAFFORD, J.—This case involves both the constitutionality of RCW 41.56.190 and the proper scope of review to be accorded in an enforcement proceeding brought pursuant to its provisions. We hold that the trial court properly rejected the constitutional challenge; however, it erred in failing to review the merits of the underlying unfair labor practice decision before issuing its enforcement order.

Prior to January 1978, appellant, City of Kennewick, employed two persons to do janitorial work at city hall. The classification and wage rate for these positions were included in the January 1, 1978 to December 31, 1979 collective bargaining agreement between the City and the International Union of Operating Engineers, Local 350. When one of the positions became vacant in early January 1978, the City filled the vacancy by subcontracting that portion of the janitorial work to a private firm. This was done without prior notification of the Union and without any attempt to bargain over the issue.

Upon discovering the janitorial work had been subcontracted, the Union asserted a contract violation. When the city manager refused to change his position on the subcontracting issue, the Union filed a formal grievance under the collective bargaining agreement. It also filed an unfair labor practice charge with respondent Public Employment Relations Commission asserting the refusal to bargain, in violation of RCW 41.56.140(4).

The formal grievance ended in an arbitration award in favor of the City. The arbitration panel reserved judgment on the alleged statutory violation, however. A hearing was held on the unfair labor practice charge on January 18, 1979. On October 5, 1979, the Hearing Examiner issued findings of fact and conclusions of law, declaring the City had committed an unfair labor practice by refusing to bargain about the janitorial service. The City appealed this decision to the full Commission. On January 16, 1980, the

Commission affirmed the Hearing Examiner's findings with some modification and issued a remedial order requiring the City to cease and desist from its unlawful conduct as well as requiring other affirmative action.

The City did not appeal the Commission's decision pursuant to RCW 34.04.130 of the Administrative Procedure Act (APA). Rather, on March 10, 1980, the City formally notified the Commission that it refused to comply with the remedial order. Pursuant to its authority under RCW 41.56.190, the Commission filed a petition in Benton County Superior Court for enforcement of its remedial order.[1]

The City cross–petitioned by filing a writ of prohibition, contending that by enforcing a remedial order that benefited the labor union, the Commission was expending the underlying public monies in violation of Const. art. 8, § 5. The trial court denied the writ, holding the authority granted to the Commission under RCW 41.56.190 was necessary to effectuate an important public purpose and was therefore constitutional.

The City appealed to the Court of Appeals. The Court of Appeals Commissioner ruled that the City's appeal from the denial of the writ would not become moot if the proceedings continued. Thus, the matter was returned to the trial court for argument on the enforcement petition. The trial court granted the petition, holding that the order was a proper and reasonable exercise of authority. The trial

---

[1]RCW 41.56.190 provides in pertinent part:

"The commission, or any party to the commission proceedings, thirty days after the commission has entered its findings of fact, shall have power to petition the superior court of the state within the county wherein the unfair labor practice in question occurred or wherein any person charged with the unfair labor practice resides or transacts business . . . for the enforcement of such order and for appropriate temporary relief or restraining order . . . the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the commission."

court further concluded that it lacked jurisdiction to review the merits of the unfair labor practice decision because the City failed to appeal that decision pursuant to RCW 34.04-.130.

The City appeals from both the denial of the writ of prohibition and the trial court's conclusion that it lacked jurisdiction to review the merits of the underlying decision. We turn first to the City's contention that RCW 41.56.190 authorizes an unconstitutional expenditure of public funds in violation of Const. art. 8, § 5.

## I

The constitutionality of any challenged statute must be determined within the framework established by our rules of constitutional construction. We have consistently held that a statute is presumed to be constitutionally valid and that the burden of overcoming that presumption is upon the party challenging the statute. *State ex rel. Albright v. Spokane,* 64 Wn.2d 767, 394 P.2d 231 (1964); *State v. Primeau,* 70 Wn.2d 109, 422 P.2d 302 (1966). Moreover, we accept as a verity any legislative declaration of the statute's public purpose, unless it is arbitrary or unreasonable. *In re Marriage of Johnson,* 96 Wn.2d 255, 258, 634 P.2d 877 (1981). Given these precepts, the City must demonstrate that, in enforcing its remedial orders pursuant to RCW 41.56.190, the Commission is spending public funds for the benefit of a private association in violation of Const. art. 8, § 5.[2]

RCW 41.56.190 is part of a detailed statutory scheme enacted "to promote the continued improvement of the relationship between public employers and their employees." RCW 41.56.010. This legislatively declared purpose recognizes the important right of public employees to join labor organizations and be represented in matters concerning their employment. This purpose is neither unreasonable

---

[2]Const. art. 8, § 5: "Credit not to be loaned. The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation."

nor arbitrary and, therefore, we accept the statement. *See In re Marriage of Johnson, supra.*

RCW 41.56 established the Commission as the forum for implementing the legislative goal of peaceful public employment relations. Under this chapter, aggrieved parties may bring complaints to the Commission if they believe their employment rights have been violated. RCW 41.56.140 proscribes several unfair labor practices.[3] In the instant case, the Commission found the City had committed an unfair labor practice by refusing to bargain with the Union before subcontracting work covered in the collective bargaining agreement. RCW 41.56.140(4). As a necessary corollary to its finding the Commission issued an order commanding the City to bargain with the Union.

If there were no means to enforce this kind of remedial order, the entire public employment relations statutory scheme would be rendered meaningless. Even the most blatant unfair labor practices could go unremedied if there were no authority to force the offending party to comply with the Commission's remedial order. It is against this backdrop that we must analyze the City's constitutional challenge.

■■ To support its argument of unconstitutionality, the City necessarily engages in a strict construction of the constitutional prohibition against the giving of public funds. The City notes that even legislation such as RCW 41.56.190 which is enacted for a laudable public purpose must fall if it authorizes a gratuitous expenditure for which the public neither expects nor receives consideration. *Ackerley Communications, Inc. v. Seattle,* 92 Wn.2d 905, 602

---

[3]RCW 41.56.140. "Unfair labor practices for public employer enumerated. It shall be an unfair labor practice for a public employer:

"(1) To interfere with, restrain, or coerce public employees in the exercise of their rights guaranteed by this chapter;

"(2) To control, dominate or interfere with a bargaining representative;

"(3) To discriminate against a public employee who has filed an unfair labor practice charge;

"(4) To refuse to engage in collective bargaining."

P.2d 1177 (1979). *See also Johns v. Wadsworth,* 80 Wash. 352, 141 P. 892 (1914); *Lassila v. Wenatchee,* 89 Wn.2d 804, 576 P.2d 54 (1978). Unlike the cases cited by the City, however, the expenditure of public funds necessary to enforce the Commissioner's cease and desist order is precisely the kind of expenditure for which the public *does* expect and receive consideration.

Under our recent analysis in *In re Marriage of Johnson, supra,* a statute which authorizes the exercise of a "recognized public governmental function" is viewed as the "consideration" for the expenditure. The Commission has a statutorily imposed duty to prevent and remedy unfair labor practices. By enforcing that duty, albeit to the benefit of a private association, the Commission exercises an important public function. Private parties may indeed benefit incidentally as a result of the exercise of that important function; however, as long as the private benefit is incidental to the public purpose served, the legislation is not unconstitutional. *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.,* 82 Wn.2d 265, 510 P.2d 233, 59 A.L.R.3d 1209 (1973).

In bringing an enforcement action pursuant to RCW 41.56.190, the Commission was merely protecting the interests of the public in requiring a public employer to comply with the law. The Commission did not subject any of the State's assets to loss nor did the Commission lend credit within the meaning of Const. art. 8, § 5. *See State ex rel. Graham v. Olympia,* 80 Wn.2d 672, 497 P.2d 924 (1972); *In re Marriage of Johnson, supra.* We therefore find that the expenditure of public funds involved in the implementation of RCW 41.56.190 does not violate Const. art. 8, § 5.

## II

The trial court found that our State Administrative Procedure Act provides the exclusive means of judicial review in administrative cases. RCW 34.04.130 provides:

Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in

form, is entitled to judicial review thereof *only under the provisions of this 1967 amendatory act, and such person may not use any other procedure to obtain judicial review of a final decision, even though another procedure is provided elsewhere by a special statute or a statute of general application.*

(Italics ours.) The question before us is whether failure to invoke the review mechanism of the APA precludes review on the merits of the Commission's unfair labor practice decision in an enforcement proceeding brought pursuant to RCW 41.56.190.

██ ██ At the outset, it should be noted that the express language of RCW 34.04.130 that precludes other means of judicial review is not absolute. We have stated that provisions of a specific statute will prevail if there is a conflict with the APA and the specific statute has been passed subsequent to the APA. *Muije v. Department of Social & Health Servs.*, 97 Wn.2d 451, 645 P.2d 1086 (1982); *accord, Olson v. UW*, 89 Wn.2d 558, 562, 573 P.2d 1308 (1978).

The parties have argued at length about which rules of statutory construction should prevail; however, we decline merely to choose one maxim over another. Rather, we find it necessary to determine what kind of judicial review will best serve the labor relations policy of this State. Consequently, we hold the APA is not the exclusive means of appeal in a labor relations setting. Under the rule in *Muije*, RCW 41.56.190, as part of a detailed, specific statutory scheme, prevails over the more general APA provisions. Thus, the failure to pursue an appeal under RCW 34.04.130 does not preclude judicial review of the underlying administrative decision in an enforcement proceeding brought pursuant to RCW 41.56.190.

### III

We now turn to an examination of the scope and standard of judicial review to be accorded in an enforcement proceeding.

The enforcement procedure outlined in RCW 41.56.190 is patterned after sections 10(e) and (f) of the National Labor

Relations Act (NLRA), 29 U.S.C. § 160(e) and (f).[4] Both the state and federal statutes empower the court to enforce, modify or set aside the remedial order issued in conjunction with the unfair labor practice decision. While the language of RCW 41.56.190 is virtually identical to that of its federal counterpart in granting the authority, the federal statute goes much further in detailing the extent to which the court of appeals may review an unfair labor practice decision in the enforcement proceeding. Sections 10(e) and (f) of the National Labor Relations Act state that the circuit court of

---

[4]29 U.S.C. § 160(e) and (f) state in pertinent part:

"(e) . . .

"The Board shall have power to petition any court of appeals of the United States . . . for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112 of title 28. Upon the filing of such petition, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Board. No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive. . . . Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review by . . . the Supreme Court of the United States upon writ of certiorari or certification as provided in section 1254 of title 28.

"(f) . . .

"Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside. . . . Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section, and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive."

appeals must accept as conclusive the findings of fact of the National Labor Relations Board if they are supported by substantial evidence on the record as a whole. *Allied Chem. & Alkali Workers Local 1 v. Pittsburgh Plate Glass Co.,* 404 U.S. 157, 30 L. Ed. 2d 341, 92 S. Ct. 383 (1971). Implicit in this requirement is an understanding that the court of appeals must engage in a limited review of the underlying decision to determine whether to enforce the order. This interpretation is supported by the Supreme Court in *Ford Motor Co. v. NLRB,* 305 U.S. 364, 83 L. Ed. 221, 59 S. Ct. 301 (1938).

While the City suggests federal labor law should control, we have made it clear that we need not necessarily follow the NLRA in interpreting our own law. *International Ass'n of Firefighters Local 469 v. Yakima,* 91 Wn.2d 101, 587 P.2d 165 (1978). Even though this court is not obliged to follow federal labor law, it is logical to do so in this case. In giving the superior court authority to set aside or modify a remedial order, the Legislature undoubtedly anticipated a situation in which an order might be unenforceable because the unfair labor practice decision is unsupported by the law. Under the NLRA, an order may be set aside if the court finds that there is no unfair labor practice, *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 95 L. Ed. 456, 71 S. Ct. 456 (1951), or if the order is clearly outside the board's remedial power. *Virginia Elec. & Power Co. v. NLRB,* 319 U.S. 533, 87 L. Ed. 1568, 63 S. Ct. 1214 (1943). In other words, the propriety of a remedial order is necessarily contingent on the propriety of the underlying unfair labor practice decision. Likewise, under our statutory scheme, a superior court has jurisdiction to engage in a *limited* judicial review to determine whether the remedial order is enforceable.

In granting jurisdiction to review the merits of the underlying administrative decision, we emphasize that judicial review is *limited.* Although our own statute does not set forth a standard of review, we can look both to federal law and to the APA for guidance. As with judicial

review under the APA, great deference should be given to the Commission's findings of fact as well as its expertise in interpreting labor relations law. A reviewing court must accept as conclusive the findings of the Commission with respect to questions of fact if supported by substantial evidence on the record considered as a whole. *Allied Chem. & Alkali Workers Local 1 v. Pittsburgh Plate Glass Co., supra. See also Washington Pub. Employees Ass'n v. Community College Dist. 9,* 31 Wn. App. 203, 642 P.2d 1248 (1982). As under the APA, an unfair labor practice decision may be overturned only if the conclusions or decisions of the administrative agency are clearly erroneous, arbitrary or capricious. RCW 34.04.130(6).

We hereby affirm the trial court's ruling on the constitutionality of RCW 41.56.190. We reverse the trial court's ruling concerning lack of jurisdiction to review the merits of the underlying unfair labor practice decision. The cause is remanded to the trial court for limited judicial review of the unfair labor practice decision in accordance with this opinion.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.