WIGGINS, J. (dissenting)
¶ 28 The legislature has emphatically declared that "economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state." RCW 50.01.010. Accordingly, the legislature has assumed responsibility for its combat: "involuntary unemployment ... requires appropriate action by the legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his or her family." Id. In answering this call, the legislature recognized that we, the court, may ultimately have a role to play in "protecti [ng] against this greatest hazard of our economic life" and instructed us accordingly:
[T]his title shall be liberally construed for the purpose of reducing involuntary unemployment and the suffering caused thereby to the minimum.
Id.
¶ 29 The majority does not construe the Employment Security Act (ESA) liberally to minimize the suffering caused by unemployment. Instead, the majority holds that service on the Employment Security Department (ESD) is complete only when ESD receives the petition, ultimately making it more difficult for the unemployed to obtain relief. Because the statutory language and the specific legislative direction to interpret the ESA liberally to relieve suffering indicate that service on ESD is complete upon mailing, I respectfully dissent.
*845 ANALYSIS
I. The Administrative Procedure Act (APA), chapter 34.05 RCW, is a general statute, and RCW 34.04.130 no longer exists
¶ 30 The majority holds that we must give effect to the APA's service requirements over the ESA's service requirements and that Cynthia Stewart's petition was therefore untimely. The majority reaches this conclusion by misapplying the canon of statutory construction that the specific governs the general and by relying on language from prior versions of the ESA and APA that does not exist in the current statutes.
¶ 31 First, the majority mistakenly identifies the APA as a specific statute and the ESA as a general statute. The majority then applies the well-settled rule of statutory construction that the specific statute must be given effect over the general statute and holds that the APA, as a specific statute, must be given effect over the ESA, as a general one. Majority at 841. However, this court has repeatedly determined that the APA is a general statute that should not be given effect over a more specific statute. Muije v. Dep't of Soc. & Health Servs., 97 Wash.2d 451, 453, 645 P.2d 1086 (1982) (determining that the APA is a general statute because it "only deals generally with review of 'any' agency decision," and holding that the State Civil Service Law is a specific statute and thus must be given effect over the APA).[1]
¶ 32 Second, the majority relies on language from former versions of the ESA and the APA that does not exist in the current versions of the statutes.
¶ 33 The majority correctly points out that pre-1988, the ESA required judicial review to be had " 'in accordance with the procedural requirements of [former] RCW 34.04.130 ' " of the APA, which provided an extensive procedural framework for judicial review. Majority at 842 (alteration in original) (quoting LAWS OF 1973, 1st Ex. Sess., ch. 158, § 18). However, the legislature has since entirely replaced the APA and rewritten former RCW 34.04.130, recodifying it as RCW 34.05.570. LAWS OF 1988, ch. 288, § 706. The legislature amended the ESA accordingly, to note that judicial review must now be in accordance with RCW 34.05.570. RCW 50.32.120.
¶ 34 Without quoting language from either statute, the majority asserts that the revised APA provision- RCW 34.05.570 -is "substantively unchanged" from the former APA provision- RCW 34.04.130 -and thus the APA's service rules still apply. Majority at 842.
¶ 35 This is incorrect.[2] In fact, there is (among many) one difference particularly important to this case: the former APA provision included service requirements; the revised APA provision does not.[3]
¶ 36 Contrary to the majority's assertion, the new APA's service requirements are found in an entirely different provision of the APA- RCW 34.05.542. The ESA does not cite or refer to .542 whatsoever. Thus, the majority's unsupported assertion that the ESA's current reference to .570 is substantively unchanged from the ESA's prior reference to the former APA provision is wrong.
*846 ¶ 37 In fact, both parties agree that the ESA's reference to .570 does not support the contention that the APA's service requirements apply. This was made apparent when, during oral argument, ESD argued for the first time that the code reviser made an error when the reviser referred to RCW 34.05.570 instead of RCW 34.05.542. However, the reference to .570 was made correctly at the instruction of the legislature and not in error. See LAWS OF 1988, ch. 288, § 706; former RCW 50.32.120 (1988); H.B. 1515, 50th Leg., Reg. Sess. (Wash. 1988).
II. The APA service requirements are subject to the requirements of the ESA
¶ 38 The majority concedes that the language of the ESA "could suggest that it applies" but nonetheless holds that the ESA does not apply to the service of a petition for judicial review on ESD. Majority at 841. I would apply the plain meaning of the current statutes and adhere to the specific legislative direction to liberally interpret the ESA to alleviate the privations of unemployment. Accordingly, I would hold that the ESA's service requirements govern Stewart's petition for judicial review and therefore service was complete upon mailing. Thus, Stewart's petition was timely.
¶ 39 If the meaning of a statute is plain on its face, the court must give effect to that meaning in the context of "all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." Dep't of Ecology v. Campbell & Gwinn,L.L.C. , 146 Wash.2d 1, 10-11, 43 P.3d 4 (2002).
¶ 40 The ESA and the APA both outline applicable service requirements. The majority asserts that language in the ESA at RCW 50.32.090 requires us to apply the APA's service requirements, found at RCW 34.05.542. RCW 50.32.090 states, "Any decision of the commissioner involving a review of an appeal tribunal decision, in the absence of a petition therefrom as provided in chapter 34.05 RCW, becomes final thirty days after service." The majority asserts that the ESA's reference to the APA implies that the APA's procedural rules apply here because "[c]hapter 34.05 RCW clearly includes the procedural requirements of RCW 34.05.542." Majority at 842.
¶ 41 The flaw in this reasoning is that the APA itself, in RCW 34.05.542, declares that service under the APA is "[s]ubject to other requirements of this chapter or of another statute." RCW 34.05.542. Therefore, application of the APA's service requirements is subject to the requirements of other applicable statutes, and relevant here are the service requirements of the ESA. The majority wholly ignores this language.
¶ 42 Here, the ESA is "another statute" with applicable service requirements. The service rules found in the ESA apply to the "appeal or petition from a determination, redetermination, order and notice of assessment, appeals decision, or commissioner's decision." RCW 50.32.025. This language is unambiguous. The statute limits the actions it governs-an appeal or petition-and it limits the actions that may be petitioned or appealed from -a determination, redetermination, order and notice of assessment, appeals decision, or commissioner's decision. Id. But the statute does not limit the decision-making body that may consider petitions and appeals. See id.
¶ 43 Stewart appealed the commissioner's denial of her unemployment benefits to the superior court. The plain language of the ESA encompasses Stewart's petition for judicial review from the commissioner's decision because it is a "petition from a ... commissioner's decision." Id.
¶ 44 Under the APA, therefore, service of Stewart's petition for review of a commissioner's decision is "[s]ubject to other requirements" of the ESA. Under the ESA, a petitioner may serve ESD by mail and service is complete upon mailing. Id. Accordingly, Stewart completed service on ESD when she put her petition in the mail. Thus, Stewart's service on ESD was timely.
CONCLUSION
¶ 45 The legislature passed the ESA to protect the unemployed worker, upon whom the burden of involuntary unemployment "falls with crushing force." RCW 50.01.010. However, this protection is meaningful only if the ESA provides the involuntarily unemployed *847 a well-defined process for seeking relief. Under the majority's holding, the 30-day window begins to run when ESD puts the order in the mail, and petitioners must now account for the time it will take their mailed petition to arrive at the agency. Those who live far from Olympia will be doubly disadvantaged, as they must wait longer for an order to arrive and must provide more time for their petition to reach ESD. Unless petitioners use certified mail-which requires additional spending-they will be faced with uncertainty as to when and whether their petition is received.
¶ 46 Individuals often represent themselves in negotiating unemployment proceedings, without a lawyer to help navigate the process or interpret conflicting language. It is for this reason that our court has been instructed to "liberally construe" the statute to minimize the strain of involuntary unemployment. Id. The plain language of the current statutes and the legislature's instruction indicate that service of a petition for judicial review on ESD is complete upon mailing. Therefore, I respectfully dissent from the majority's interpretation of the ESA and the APA. I would reverse the order of dismissal and remand for further proceedings.
Johnson, J.
Owens, J.
Stephens, J.

See also Olson v. Univ. of Wash. , 89 Wash.2d 558, 562, 573 P.2d 1308 (1978) (determining that the State Higher Education Personnel Law (HEPL), not the APA, governs an agency appeal because the HEPL was the more specific statute); Residents Opposed to Kittitas Turbines v. State Energy Facility Site Evaluation Council, 165 Wash.2d 275, 309, 197 P.3d 1153 (2008) (holding that the Growth Management Act is a general statute and the energy facilities site locations act is a specific statute and that the order in which the statutes were passed did not matter: "if the general statute was enacted after the specific statute, this court will construe the original specific statute as an exception to the general statute, unless expressly repealed").

The legislature struck the entire extensive procedural framework from the section and scattered it among more than a dozen new provisions. Laws of 1988, ch. 288, § 516; RCW 34.05.510 -.598. The revised APA provision includes only substantive requirements for judicial review, such as the burden of proof and the standard of review. RCW 34.05.570.

The majority concedes that RCW 34.05.570 contains no service requirements applicable to this case. See majority at 842 ("RCW 34.05.570 contains only substantive provisions."). However, it inexplicably maintains that the updated references are "substantively unchanged." Id.